## UNITED STATES DISTRICT COURT
## IN THE NORTHERN DIVISION FOR THE EASTERN DISTRICT

PAUL BIRKENBACH,   Case No. 1:13-cv-14607

    Plaintiff;   **Hon. Thomas L. Ludington**

v

NATIONAL GYPSUM COMPANY, a foreign corporation,   COMPLAINT *and* DEMAND FOR JURY TRIAL
*and* AMERICAN STEAMSHIP COMPANY, a foreign corporation;

    Defendants.

---

**FREEL & FREEL, P.C.**
*by John M. Freel (P46217)*
**Attorneys for Plaintiff**
**231 Newman Street**
**PO Box 16**
**East Tawas MI  48730**
**(989) 362-3443**
**john@freelpc.net**

---

# C O M P L A I N T

**NOW COMES** the plaintiff PAUL BIRKENBACH – through his attorneys FREEL & FREEL, P.C. by John M. Freel – and does hereby state his complaint as follows:

1. This is a maritime tort action brought as provided by 33 USC 901, *et seq*, and is within this court's jurisdiction pursuant to Article III, Sec 2, cl 1 of the Constitution of the United States, and 28 USC 1333.

2. Plaintiff Paul Birkenbach is a citizen of the United States of America and a resident of the State of Michigan, County of Iosco.



3. Defendant National Gypsum Company ("NGC") is a foreign corporation with its principle place of business being Charlotte, North Carolina; and in the course of its business it operates a vessel loading facility for its cargos, specifically a loading dock on the navigable waters of the United States of America, namely Tawas Bay, Lake Huron, located in the State of Michigan, County of Iosco.

4. Defendant American Steamship Company ("ASC") is a foreign corporation organized under the laws of State of Delaware and conducts business throughout the Great Lakes in the operation of its vessels, including the M/V *Sam Laud*; calling upon the ports located in the State of Michigan, County of Iosco, and specifically a loading dock on the navigable waters of the United States of America, namely Tawas Bay, Lake Huron, this dock being operated by the defendant NGC.

5. That on October 22nd 2012, Paul Birkenbach was employed by the defendant NGC with the assignment to work his shift at a specific situs on its Iosco County facility, namely on the NGC loading dock located on the navigable waters of the United States, namely Tawas Bay, Lake Huron, located in the State of Michigan, County of Iosco.

6. That his specific job status on that date was to act as an Operator of the loading equipment located on the dock on the navigable waters of the United States and load the defendant ASC vessel – the M/V *Sam Laud* – with the gypsum cargo.

7. That while in the course and scope of his employment, the mate on the *Sam Laud* requested that Paul Birkenbach and his supervisor assist with handling the ship's 1¼" steel mooring cables while the ship was departing from the loading dock.



**FFPC**
231 Newman Street
East Tawas MI
♠
www.freelpc.net
(989) 362-3443

8. That Paul Birkenbach and his supervisor did attempt to handle the mooring cables, and while doing so, the crewmember on watch on the M/V *Sam Laud* and stationed at the winch controls activated the winch and heaved on the cable, crushing Birkenbach's hands, and causing serious and permanent injuries (the "incident").

9. That Paul Birkenbach had received no training in the proper manner in which to handle a ship's mooring cable from his employer at any time prior to the incident.

10. That Paul Birkenbach received no proper instruction or direction as to the safe manner in which to perform the task of handling the M/V *Sam Laud*'s mooring cables from his supervisor on or prior to October 22nd 2012 at any time prior to the incident.

11. That the defendants NGC and ASC were aware of the risk of injury posed by requiring or requesting that untrained and improperly supervised dock personnel handle the ship's mooring cables, and that if this unsafe practice was allowed, injury such as the incident was virtually certain to occur.

12. That defendant ASC, aware of the risk of injury from untrained personnel handling its mooring cables, has entered into collective bargaining agreements (CBA) with their seamen's' unions that require that only ship personnel handle mooring cables.

13. That the ASC mate requesting Paul Birkenbach's assistance in handling the M/V *Sam Laud*'s mooring cables, had no knowledge of any sort as to Birkenbach's training, experience or supervision prior to requesting that he and his supervisor handle the ship's mooring cables.



FFPC
231 Newman Street
East Tawas MI
♠
www.freelpc.net
(989) 362-3443

14. That the officers of the M/V *Sam Laud* had crew aboard who were properly trained in the handling of the ship's mooring cables, and defendant ASC was required under its CBA to call out these crewmembers to handle these mooring cables; but despite this contractual obligation to its crew, the ship's officer requested Paul Birkenbach handle the M/V *Sam Laud*'s 1¼" steel mooring cables, and remove them from the piling to which the M/V *Sam Laud* was secured at the defendant NGC's dock.

15. That the defendant NGC's supervisor of plaintiff knew or should have known that Paul Birkenbach had never been trained in the proper manner to handle the M/V *Sam Laud*'s mooring cables and that an injury similar to the incident was virtually certain to occur if Birkenbach was required to do so as part of his job duties on the loading dock.

## *Count I*

### NEGLIGENCE OF AMERICAN STEAMSHIP COMPANY

16. Plaintiff reincorporates ¶¶1 through 15, inclusive, as if set forth word for word herein. Plaintiff brings this action pursuant to the authorization provided in the *Longshore Harbor Workers Compensation Act* (LHWCA), in particular 33 USC 905(b).

17. Plaintiff is a maritime employee as that term is defined in the LHWCA by virtue of having been employed as the operator at the cargo loading dock of his employer NGC on October 22nd 2012, this dock being located on the navigable waters of the United States.

18. Defendant ASC owed the plaintiff a duty under the General Admiralty and Maritime Law to exercise reasonable care toward him at all times, and in particular not to request that Paul Birkenbach handle the 1¼" steel mooring cables of the M/V *Sam Laud* as it was departing



**FFPC**
231 Newman Street
East Tawas MI
♠
www.freelpc.net
(989) 362-3443

from a dock; not to expose him to the virtual certainty of injury by requesting that he handle the M/V *Sam Laud*'s 1¼" steel mooring cables during the process of leaving the NGC dock; further, if making such request to handle mooring cables by Birkenbach, this duty then encompasses a duty to insure that he was properly trained to perform the task of handling these mooring cables, and was properly supervised in the actual handling of these 1¼" steel mooring cables.

19. That defendant ASC breached this duty by requesting that Paul Birkenbach handle the steel mooring cables, instead of having the M/V *Sam Laud*'s crew do so, and further breached its duty by failing to ascertain whether plaintiff had any training in handling these cables, and would be properly supervised if he did so.

20. That defendant ASC was further breached its duties when the crewmember operating the winch to which the mooring cable was attached, operated the winch by heaving the cable inboard, all without having first determined that Paul Birkenbach's hands were not holding the mooring cable.

21. These breach of duties were the proximate cause of crush injuries to plaintiff's hands, these injuries being permanent and disabling.

## *Count II*

### NEGLIGENCE OF NATIONAL GYPSUM COMPANY

22. Plaintiff reincorporates ¶¶1 through 21, inclusive, as if set forth word for word herein. Plaintiff brings this action pursuant to the authorization provided in 33 USC 905(a).



**FFPC**
231 Newman Street
East Tawas MI
♠
www.freelpc.net
(989) 362-3443

5

23. That defendant NGC was the employer of the plaintiff Paul Birkenbach at all times pertinent to this litigation; but in particular on October 22nd 2012 at the date and time of his injury on the NGC dock in Iosco County, Michigan.

24. That Paul Birkenbach was a maritime employee of defendant NGC on October 22nd 2012 by virtue of the situs of the injury, this being the NGC dock located on the navigable waters of Tawas Bay, Lake Huron, all within Iosco County, and further by virtue of his status as the operator of NGC's cargo loading equipment, being used to load a vessel, namely the M/V *Sam Laud*, a commercial freighter operating on these navigable waters.

25. That as a maritime employee, Paul Birkenbach is to be afforded all the rights, remedies and benefits provided for under the LHWCA, 33 USC 901 *et seq*.

26. That defendant NGC had a duty under 33 USC to secure for Paul Birkenbach payment of the compensation as required by the Act, but has failed to do so.

27. That as a result of this breach of duty, NGC has waived its immunity from suit by plaintiff as provided by 33 USC 905(a), and further has waived its right to assert contributory or comparative fault as an affirmative defense, and further exposed itself and its officers to the penalties provided in 33 USC 938.

28. That the defendant NGC had a duty under the General Maritime Law to act with reasonable care at all times toward Paul Birkenbach in the manner in which he performed his work as a maritime employee at its cargo loading facility on Tawas Bay in Lake Huron, and to provide him with proper training and supervision to perform the work safely.



FFPC
231 Newman Street
East Tawas MI
♠
www.freelpc.net
(989) 362-3443

29. That the defendant NGC breached its duties to act with reasonable care by failing to provide Paul Birkenbach appropriate training and supervision while he was performing the work of a maritime employee in handling the M/V *Sam Laud*'s mooring cables and these breaches of duties owed were the proximate cause of the permanent and disabling injuries sustained by plaintiff.

30. That as a result of the breach of duties set forth above, Paul Birkenbach sustained crush injuries to his hands that are permanent and disabling in nature, have caused other related physical and psychological injuries, have caused loss of income and earning capacity, and resulted in other injuries, losses and damages.

31. That both defendants ASC and NGC were fully aware of the virtual certainty of injury such as sustained by plaintiff if they allowed untrained, improperly supervised persons to handle 1¼" ship's mooring cables; but despite that knowledge requested, authorized, participated and supervised the plaintiff in doing so with callous disregard for the likelihood of his hand crush injuries.

**WHEREFORE** plaintiff respectfully requests that this court award plaintiff PAUL BIRKENBACH a judgment in excess of $100,000.00 that provides him his full measure of damages and remedies, as authorized by 33 USC 905, against both defendants, including compensatory and punitive damages, a declaration of entitlement to benefits under the LHWCA, all with interest, costs and attorney fees.

*dated:*   **11-05-2013**

FREEL & FREEL, P.C.
*Attorneys for Plaintiff*
    s/ John M. Freel
**JOHN M. FREEL** (P46217)
231 Newman Street, PO Box 16
East Tawas MI 48730
(989) 362-3443 / **john@freelpc.net**

**FFPC**
231 Newman Street
East Tawas MI
♠
www.freelpc.net
(989) 362-3443

## J U R Y   D E M A N D

**NOW COMES** the plaintiff PAUL BIRKENBACH – through his attorneys FREEL & FREEL, P.C. by John M. Freel – and does pursuant to 28 USC 1873 demand trial by jury as to all issues.

|  |  |
|---|---|
| *dated:*  **11-05-2013** | FREEL & FREEL, P.C.<br>*Attorneys for Plaintiff*<br>　　　s/ John M. Freel　　　　　　　<br>**JOHN M. FREEL** (P46217)<br>231 Newman Street, PO Box 16<br>East Tawas MI 48730<br>(989) 362-3443<br>**john@freelpc.net** |



**FFPC**
231 Newman Street
East Tawas MI
♠
www.freelpc.net
(989) 362-3443