UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL LYNN BIRKENBACH,

       Plaintiff,                            Case No. 13-14607
                                            Honorable Thomas L. Ludington

v.

NATIONAL GYPSUM COMPANY, and
AMERICAN STEAMSHIP COMPANY,

       Defendants.
_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS AS MOOT AND CANCELLING HEARING

On November 6, 2013, Paul Birkenbach filed a complaint against the National Gypsum Company (NGC) and the American Steamship Company (ASC). Birkenbach alleges that his hands were crushed as a result of NGC and ASC negligently allowing him to handle a ship's mooring cables without any proper training or instruction. *See* Pl.'s Compl. ¶¶ 5–11, ECF No. 1. ASC filed an answer to the complaint on February 26, 2014, while NGC filed a motion to dismiss on March 3, 2014. *See* NGC Mot., ECF No. 8.

On March 14, 2014, Birkenbach filed an amended complaint. *See* Pl.'s Am. Compl., ECF No. 13. ASC filed an answer to the amended complaint on March 27, 2014, and NGC filed an answer to the amended complaint on April 4, 2014.

When a party files an amended pleading, the amended pleading supersedes all those that came before. *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (citing *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007)). "[T]he original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." *Clark v. Johnston*, 413 F.

App'x 804, 811 (6th Cir. 2011) (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010)).

Moreover, when an amended pleading has been filed, it is appropriate to deny as moot any previous motions directed at the original. *See*, *e.g.*, *Tuttobene v. Assurance Group, Inc.*, No. 10-0978, 2012 WL 2871848, at *1 n.1 (M.D. Tenn. July 12, 2012) ("Courts in this Circuit and others will deny as moot Rule 12 motions to test the sufficiency of the pleadings after a plaintiff subsequently files an amended complaint."); *Bancoult v. McNamara*, 214 F.R.D. 5, 13 (D.D.C. 2003) ("Because the original complaint now is superseded by the amended complaint, the court denies without prejudice all pending motions pertaining to the original complaint."); *Rankin v. Advanced Employment Services, Inc.*, No. 08-CV-586, 2009 WL 1472830, at *2 (W.D.N.C. May 21, 2009) (citation omitted) ("[I]t is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot."). NCG's motion to dismiss—concerning Birkenbach's original complaint which has since been amended—is directed at a pleading that no longer controls. It will be denied as moot.

Accordingly, it is **ORDERED** that NGC's motion to dismiss, ECF No. 8, is **DENIED** as moot. The motion hearing set for May 7, 2014, is **CANCELLED**.

Dated: April 8, 2014                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 8, 2014.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS